# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KELVIN PETERSON,

    Petitioner,

-vs-                                  Case No.  8:06-CV-2205-T-27MSS

JAMES R. McDONOUGH, et al.,

    Respondent.
_____/

## ORDER

    This cause was initiated when Petitioner, a State of Florida inmate proceeding *pro se*, filed a petition for federal habeas relief pursuant to 28 U.S.C. §2254 (Dkt. 1). Petitioner challenges his 1987 convictions for first degree murder and armed robbery entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases (2006), and concludes that the Petition is subject to summary dismissal as a second or successive petition under 28 U.S.C. § 2244(b).

    Petitioner entered a plea of guilty to charges of first degree murder and armed robbery. He was sentenced on January 30, 1987, to serve a life sentence with a minimum mandatory term of 25 years on each charge, with the sentences to run consecutively. Dkt. 1, Attach. (unnumbered), Motion for Postconviction Relief at 2. Petitioner's conviction was affirmed on direct appeal on June 13, 1989. *See Peterson v. State*, 537 So.2d 574 (Fla. 2d DCA 1989).

Although Petitioner challenges a 1987 conviction, because he filed his request for federal habeas relief after the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), the petition is governed by the provisions thereof. *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts, *see* 28 U.S.C. § 2244(b). *See also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998). Section 2244(b) provides, in pertinent part, that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

A review of the Court's files revealed that Petitioner has previously sought federal habeas relief in this Court. *See Peterson v. State*, 8:99-CV-1401-T-23MSS (M.D. Fla. 1999) (dismissed as time-barred). Petitioner's request for leave to file a second or successive petition was denied on September 9, 2002. *See Peterson v. Sec., Dep't. of Corrs.*, 8:02-MC-0110-T (M.D. Fla. 2002).

Clearly this is a second or successive petition. Therefore, pursuant to 28 U.S.C. 2244(b)(3), Petitioner must seek and obtain authorization from the Eleventh Circuit Court of Appeals prior to initiating this action. *See Medina v. Singletary*, 960 F.Supp. 275, 277-78 (M.D. Fla. 1997) (and cases cited therein). Petitioner has not shown that he has applied to the court of appeals for an order authorizing this Court to consider his application.

ACCORDINGLY, the Court **ORDERS** that:

1. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** (**Dkt. 1).**

2. The **Clerk** of Court is directed to send Petitioner the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b).

3. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**ORDERED** in Tampa, Florida, on December 5th, 2006.

/s/James D. Whittemore
**JAMES D. WHITTEMORE**
**United States District Judge**

SA:jsh

Copy to: Petitioner *pro se*